## WEBSTER v. ROBINSON.

No. 5437.   Opinion Filed October 19, 1915.

(152 Pac. 588.)

APPEAL AND ERROR—Verdict—Conflicting Evidence. The first paragraph of the syllabus in **Tulsa Street Railway Company v. Jacobson,** 40 Okla. 118, 136 Pac. 410, is adopted as the syllabus in this case.

(Syllabus by Galbraith. C.)

*Error from County Court, Wagoner County;*
*W. T. Hunt. Judge.*

Action by S. S. Webster against John Robinson. Judgment for defendant, and plaintiff brings error. Affirmed.

*J. S. Severson,* for plaintiff in error.

*J. Carter Cook,* for defendant in error.

Opinion by GALBRAITH, C. This is an appeal from the judgment of the trial court rendered upon the verdict of a jury in an attachment suit instituted by the landlord against his tenant.

One error assigned is "that the decision of the court is not sustained by any evidence and is contrary to law." Waiving the form of this assignment, we take it that it is intended to raise the objection that there was no evi-

dence to support the verdict. The plaintiff contended that there was due him from the defendant 104 bushels of corn as rent. The defendant denied this, and claimed that he had delivered all of the corn that was due his landlord under the rental contract. The issue thus presented for determination was one of fact. It was admitted that the plaintiff was the landlord, and the defendant the tenant; that the landlord was entitled to one-fourth of the corn grown upon the leased premises as rent. The plaintiff swore that there were 104 bushels of corn still due him as rent. The defendant swore that there was no amount due. The jury found for the defendant. There was testimony to support a verdict for either party. There is evidence to support this verdict. Under the repeated holdings of this court, where there is evidence reasonably tending to support the verdict of the jury in a law case, the verdict is binding upon this court.

One other error is argued by the plaintiff in error; that is, that the court erred in permitting the defendant to testify as to the amount of corn grown on the leased premises for the year for which the rent is claimed. It is argued that the rental contract was in writing, and it prescribed the method of estimating the amount of corn grown, and that that method only could be employed to ascertain the amount of rent due. It is true that the contract was in writing, and that it prescribed the method of estimating the amount of corn, but the evidence also shows that the estimate was not made in the manner prescribed in the contract, and the amount of corn that had been actually produced was in doubt. It was therefore competent for the defendant to show by evidence,

otherwise competent, the amount of corn actually grown on the premises.

We find no prejudicial error in the record, and therefore recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.